FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 13 2020

JAMES W. McCORMACK, CLERK
By:_____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**GIL BUTTELS**                                                              **PLAINTIFF**

V.                         NO. 2:20-cv-199-JM

**DOLLAR TREE, INC.,**
**DOLLAR TREE DISTRIBUTION, INC.,**
**DOLLAR TREE STORES, INC.,**
**FAMILY DOLLAR STORES, INC.,**
**FAMILY DOLLAR SERVICES, LLC,**
**FAMILY DOLLAR SERVICES, INC.,**
**FAMILY DOLLAR STORES OF ARKANSAS, INC.,**
**FAMILY DOLLAR STORES OF ARKANSAS, LLC,**
**FAMILY DOLLAR TRUCKING, INC., and**
**STORAGE SOLUTIONS, INC.**                                                  **DEFENDANTS**

## COMPLAINT AT LAW

COMES NOW the Plaintiff, Gil Buttels, by and through his attorneys, Paul Byrd Law Firm, PLLC, and for its Complaint against Defendants, states:

### PARTIES

1.  Plaintiff, GIL BUTTELS, is a citizen of the United States and the State of Illinois who resides at 706 E. Washington Street, Apt. 1C in Morris, Illinois 60450.

2.  Defendants, DOLLAR TREE INC., DOLLAR TREE DISTRIBUTION, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR SERVICES, LLC, FAMILY DOLLAR STORES OF ARKANSAS, LLC, and FAMILY DOLLAR STORES OF ARKANSAS, INC. and, are corporations/limited liability companies that were incorporated/formed in the State of Virginia with their principal place of business at 500 Volvo Parkway, Chesapeake, Virginia 23320.

3.  Defendants, DOLLAR TREE INC., DOLLAR TREE DISTRIBUTION, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR SERVICES, LLC, FAMILY

This case assigned to District Judge  Moody
and to Magistrate Judge  Ray

DOLLAR STORES OF ARKANSAS, LLC, and FAMILY DOLLAR STORES OF ARKANSAS, INC. operate hundreds of stores throughout Arkansas.

4. Defendant, DOLLAR TREE STORES, INC. is a corporation incorporated in the State of Virgina with it principal place of business at 2555 Ellsmere Ave., Norfolk, VA 23513.

5. Defendant DOLLAR TREE STORES, INC. operates hundreds of stores throughout Arkansas.

6. Defendants, FAMILY DOLLAR TRUCKING, INC. and FAMILY DOLLAR SERVICES, INC. are subsidiaries of DOLLAR TREE, INC., and are corporations incorporated in the State of North Carolina with their principal place of business at 10401 Monroe Rd, Matthews, North Carolina 28105.

7. Defendant, FAMILY DOLLAR SERVICES, INC., operates over one hundred stores throughout Arkansas. Upon information and belief, FAMILY DOLLAR TRUCKING, INC. has substantial ties to the distrubtion center where the incident at issue in this lawsuit occurred.

8. Defendant, STORAGE SOLUTIONS, INC., is a corporation incorporated in the State of Indiana with its principal place of business at 910 E. 169th Street, Westfield, Indiana 46074.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

10. Venue is appropriate in this judicial district with this Court pursuant to 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this District.

## GENERAL ALLEGATIONS

11.   On or about January 14, 2020, the Plaintiff, GIL BUTTELS, was a resident of the City of Morris, County of Grundy, and the State of Illinois, and was employed by FBS GROUP INC., performing work erecting commercial storage shelving at Family Dollar Distribution Center located at 1800 Family Dollar Drive, in the City of West Memphis, and State of Arkansas.

12.   On and prior January 14, 2020, Defendants, DOLLAR TREE INC., DOLLAR TREE DISTRIBUTION INC., DOLLAR TREE STORES INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR SERVICES, LLC, FAMILY DOLLAR SERVICES, INC., FAMILY DOLLAR STORES OF ARKANSAS, INC., FAMILY DOLLAR STORES OF ARKANSAS, LLC, and FAMILY DOLLAR TRUCKING, INC. were national companies doing business in the West Memphis, Arkansas, and are now, and at all times mentioned in this complaint, in the business of distributing and selling thousands of retail items throughout the United States. In addition to retail stores, the Defendants owned, operated, managed, and controlled numerous distribution centers including one located at 1800 Family Dollar Drive, West Memphis, Arkansas.

13.   On and prior to January 14, 2020, Defendant, STORAGE SOLUTIONS, INC., was a national company contracted by Co-Defendants to erect commercial storage shelving at Family Dollar Distribution Center, 1800 Family Dollar Drive, West Memphis, Arkansas.

14.   Prior to January 14, 2020, Defendant, STORAGE SOLUTIONS INC., contracted with Plaintiff's employer, FBS GROUP, INC., to perform part of said work.

15.   On or about January 14, 2020, Plaintiff was engaged in his duties of erecting commercial storage shelving when an employee of defendants, DOLLAR TREE, INC., DOLLAR TREE DISTRIBUTION, INC., DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR SERVICES, LLC, FAMILY DOLLAR SERVICES, INC., FAMILY

DOLLAR STORES OF ARKANSAS, INC., FAMILY DOLLAR STORES OF ARKANSAS, LLC, and FAMILY DOLLAR TRUCKING, INC. while loading a commercial storage shelf with a forklift, carelessly and negligently caused a large pallet of cat food to fall on Plaintiff without warning or notice that said activity was taking place.

### COUNT I
### DOLLAR TREE, INC, DOLLAR TREE DISTRIBUTION, INC., and DOLLAR TREE STORES, INC.
### NEGLIGENCE

16. On and prior to January 14, 2020, Defendant, DOLLAR TREE, INC., DOLLAR TREE DISTRIBUTION, INC. AND DOLLAR TREE STORES, INC. (hereinafter referred to as "DOLLAR TREE DEFENDANTS") owned, operated, managed, and controlled, Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

17. On and prior to January 14, 2020, Plaintiff, GIL BUTTELS, was lawfully present and in the exercise of ordinary care for his own safety while performing work for Defendants at the Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis Arkansas.

18. On and prior to January 14, 2020, DOLLAR TREE DEFENDANTS had a duty to exercise ordinary care in the operation, safety and control of the Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

19. On and prior to January 14, 2020, DOLLAR TREE DEFENDANTS by and through their agents and/or employees had a duty to exercise ordinary care in the operation, safety and control of the Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

20. At the subject time and place, Plaintiff, GIL BUTTELS, was in his work space, transporting a metal frame kit in an aisle to its point of installation, when without warning, an employee and/or agent of DOLLAR TREE DEFENDANTS, operating a forklift in an adjacent aisle, carelessly and negligently caused a pallet of cat food to fall on Plaintiff.

21. On and prior January 14, 2020, DOLLAR TREE DEFENDANTS, were negligent in one or more of the following ways:

    a) Improperly owned, operated, managed, maintained, and controlled the aforesaid premises so that as a direct and proximate result thereof, the Plaintiff was injured;

    b) Failed to make a reasonable inspection of the aforesaid premises when the Defendants knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff and others;

    c) Carelessly and negligently failed to coordinate work so as to avoid injury to the Plaintiff. Specifically, Defendants failed to coordinate the work in a manner that would have removed all activity in aisles adjacent to the aisle Plaintiff was working in so that work taking place in those adjacent aisles would not present a harm and/or danger to Plaintiff and others health and well being;

    d) Carelessly and negligently failed to provide Plaintiff with a safe area from which to perform his work;

    e) Failed to rectify an unsafe job condition when Defendants knew or, in the exercise of ordinary care, should have known that the jobsite and, specifically, the operation of a forklift in an adjacent aisle could cause injury to the Plaintiff;

    f) Failed to stop Plaintiff's work until a safe, suitable and proper work space could be provided to Plaintiff from which to perform his work;

    g) Failed to rectify an unsafe job condition when Defendants knew or in the exercise of ordinary care should have known that the area in which Plaintiff was performing his work was exposed to unsafe conditions to which the Plaintiff had no knowledge of;

    h) Failed to stop the work of its employees and/or agents working in adjacent aisles to avoid foreseeable injury to the Plaintiff;

i) Carelessly and negligently failed to barricade off the aisles adjacent to the one Plaintiff and his co-workers were working in order to prevent dangerous and hazardous work activities such as forklifts operated by Defendants' employees and/or agents to load pallets of hundreds, if not thousands of pounds of product, onto shelving, when the Defendants knew, or in the exercise of ordinary care, should have known that the failure to close off those aisles adjacent to Plaintiff and his co-workers unnecessarily exposed them to forklift operations taking place, thus exposing people below, including Plaintiff, to potential hazards of items falling onto them;

j) Carelessly and negligently failed to enforce safety rules applicable to the work being performed. This includes any and all safety manuals created by this Defendant and other contractors that were applicable and relevant to the work performed by Plaintiff on the date of the occurrence;

k) Carelessly and negligently failed to ensure that OSHA, and other relevant and applicable industry safety standards were properly enforced on the project.

22. That on January 14, 2020, the Plaintiff, GIL JASON BUTTELS, was transporting a metal frame kit in an aisle to its point of installation, when without warning, an employee and/or agent of DOLLAR TREE DEFENDANTS, operating a forklift in an adjacent aisle, carelessly and negligently caused a pallet of cat food to fall from a height of 20 feet or more onto Plaintiff.

23. That as a direct and proximate result of the negligence of the Defendants, the Plaintiff, GIL JASON BUTTELS, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), loss of normal life (past, present and future), disability (past, present and future), and permanent scarring and disfigurement.

24. WHEREFORE, the Plaintiff, GIL BUTTELS, demands judgment against DOLLAR TREE DEFENDANTS in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COUNT II
## FAMILY DOLLAR STORES, INC., FAMILY DOLLAR SERVICES, LLC, FAMILY DOLLAR TRUCKING, INC., FAMILY DOLLAR SERVICES, INC., FAMILY DOLLAR STORES OF ARKANSAS, LLC, and FAMILY DOLLAR STORES OF ARKANSAS, INC.
## NEGLIGENCE

25.    On and prior to January 14, 2020, Defendant, FAMILY DOLLAR STORES, INC., FAMILY DOLLAR SERVICES, LLC, FAMILY DOLLAR TRUCKING, INC., FAMILY DOLLAR SERVICES, INC., FAMILY DOLLAR STORES OF ARKANSAS, LLC and FAMILY DOLLAR STORES OF ARKANSAS, INC. (hereinafter referred to as "FAMILY DOLLAR DEFENDANTS") owned, operated, managed, and controlled, Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

26.    On and prior to January 14, 2020, Plaintiff, GIL BUTTELS, was lawfully present and in the exercise of ordinary care for his own safety while performing work for Defendants at the Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis Arkansas.

27.    On and prior to January 14, 2020, Defendant, FAMILY DOLLAR DEFENDANTS had a duty to exercise ordinary care in the operation, safety and control of the Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

28.    On and prior to January 14, 2020, Defendant, FAMILY DOLLAR DEFENDANTS, by and through its agents and/or employees had a duty to exercise ordinary care in the operation, safety and control of the Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

29.    At the subject time and place, Plaintiff, GIL BUTTELS, was in his work space, transporting a metal frame kit in an aisle to its point of installation, when without warning, an

7

employee and/or agent of FAMILY DOLLAR DEFENDANTS, operating a forklift in an adjacent aisle, carelessly and negligently caused a pallet of cat food to fall on Plaintiff.

30. On and prior January 14, 2020, FAMILY DOLLAR DEFENDANTS, were negligent in one or more of the following ways:

- b) Improperly owned, operated, managed, maintained, and controlled the aforesaid premises so that as a direct and proximate result thereof, the Plaintiff was injured;

- b) Failed to make a reasonable inspection of the aforesaid premises when the Defendants knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff and others;

- c) Carelessly and negligently failed to coordinate work so as to avoid injury to the Plaintiff. Specifically, Defendants failed to coordinate the work in a manner that would have removed all activity in aisles adjacent to the aisle Plaintiff was working in so that work taking place in those adjacent aisles would not present a harm and/or danger to Plaintiff and others health and well being;

- d) Carelessly and negligently failed to provide Plaintiff with a safe area from which to perform his work;

- e) Failed to rectify an unsafe job condition when Defendants knew or, in the exercise of ordinary care, should have known that the jobsite and, specifically, the operation of a forklift in an adjacent aisle could cause injury to the Plaintiff;

- f) Failed to stop Plaintiff's work until a safe, suitable and proper work space could be provided to Plaintiff from which to perform his work;

- g) Failed to rectify an unsafe job condition when Defendants knew or in the exercise of ordinary care should have known that the area in which Plaintiff was performing his work was exposed to unsafe conditions to which the Plaintiff had no knowledge of;

- h) Failed to stop the work of its employees and/or agents working in adjacent aisles to avoid foreseeable injury to the Plaintiff;

- ii) Carelessly and negligently failed to barricade off the aisles adjacent to the one Plaintiff and his co-workers were working in order to prevent dangerous and hazardous work activities such as forklifts operated by Defendants' employees and/or agents to load pallets of hundreds, if not thousands of

    pounds of product, onto shelving, when the Defendant knews, or in the exercise of ordinary care, should have known that the failure to close off those aisles adjacent to Plaintiff and his co-workers unnecessarily exposed them to forklift operations taking place, thus exposing people below, including Plaintiff, to potential hazards of items falling onto them;

j) Carelessly and negligently failed to enforce safety rules applicable to the work being performed. This includes any and all safety manuals created by this Defendants and other contractors that were applicable and relevant to the work performed by Plaintiff on the date of the occurrence;

k) Carelessly and negligently failed to ensure that OSHA, and other relevant and applicable industry safety standards were properly enforced on the project.

31. That on January 14, 2020, the Plaintiff, GIL JASON BUTTELS, was transporting a metal frame kit in an aisle to its point of installation, when without warning, an employee and/or agent of FAMILY DOLLAR DEFENDANTS, operating a forklift in an adjacent aisle, carelessly and negligently caused a pallet of cat food to fall from a height of 20 feet or more onto Plaintiff.

32. That as a direct and proximate result of the negligence of the Defendants, the Plaintiff, GIL JASON BUTTELS, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), loss of normal life (past, present and future), disability (past, present and future), and permanent scarring and disfigurement.

33. WHEREFORE, the Plaintiff, GIL BUTTELS, demands judgment against FAMILY DOLLAR DEFENDANTS, in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COUNT III
## STORAGE SOLUTIONS INC.
## NEGLIGENCE

34. On and prior to January 14, 2020, Defendant, STORAGE SOLUTIONS, INC., was hired by Co-Defendants to erect a metal storage system at Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

35. On and prior to January 14, 2020, Defendant, STORAGE SOLUTIONS, INC., operated, managed, and controlled, the erection of a metal storage system at Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

36. On and prior to January 14, 2020, Plaintiff, GIL BUTTELS, was lawfully present and in the exercise of ordinary care for his own safety while performing work for Defendants at the Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis Arkansas.

37. On and prior to January 14, 2020, Defendant, STORAGE SOLUTIONS, INC., had a duty to exercise ordinary care in the operation, safety and control of the erection of a metal storage system at Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

38. On and prior to January 14, 2020, Defendant, STORAGE SOLUTIONS, INC., by and through its agents and/or employees had a duty to exercise ordinary care in the operation, safety and control of the erection of the metal storage system at Family Dollar Distribution Center located at 1800 Family Dollar Drive, West Memphis, Arkansas.

39. At the subject time and place, Plaintiff, GIL BUTTELS, was in his work space, transporting a metal frame kit in an aisle to its point of installation, when without warning, an

employee and/or agent of STORAGE SOLUTIONS, INC., operating a forklift in an adjacent aisle, carelessly and negligently caused a pallet of cat food to fall on Plaintiff.

40. On and prior January 14, 2020, Defendant, STORAGE SOLUTIONS, INC., was negligent in one or more of the following ways:

    c)    Improperly operated, managed, maintained, and controlled the aforesaid premises so that as a direct and proximate result thereof, the Plaintiff was injured;

    b)    Failed to make a reasonable inspection of the aforesaid premises when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff and others;

    c)    Carelessly and negligently failed to coordinate work so as to avoid injury to the Plaintiff. Specifically, Defendant failed to coordinate the work in a manner that would have removed all activity in aisles adjacent to the aisle Plaintiff was working in so that work taking place in those adjacent aisles would not present a harm and/or danger to Plaintiff and others health and well being;

    d)    Carelessly and negligently failed to provide Plaintiff with a safe area from which to perform his work;

    e)    Failed to rectify an unsafe job condition when Defendant knew or, in the exercise of ordinary care, should have known that the jobsite and, specifically, the operation of a forklift in an adjacent aisle could cause injury to the Plaintiff;

    f)    Failed to stop Plaintiff's work until a safe, suitable and proper work space could be provided to Plaintiff from which to perform his work;

    g)    Failed to rectify an unsafe job condition when Defendant knew or in the exercise of ordinary care should have known that the area in which Plaintiff was performing his work was exposed to unsafe conditions to which the Plaintiff had no knowledge of;

    h)    Failed to stop the work of individuals working in adjacent aisles to avoid foreseeable injury to the Plaintiff;

    iii)    Carelessly and negligently failed to barricade off the aisles adjacent to the one Plaintiff and his co-workers were working in order to prevent dangerous and hazardous work activities such as forklifts operated by Defendant's employees and/or agents to load pallets of hundreds, if not thousands of

11

        pounds of product, onto shelving, when the Defendant knew, or in the exercise of ordinary care, should have known that the failure to close off those aisles adjacent to Plaintiff and his co-workers unnecessarily exposed them to forklift operations taking place, thus exposing people below, including Plaintiff, to potential hazards of items falling onto them;

j)     Carelessly and negligently failed to enforce safety rules applicable to the work being performed. This includes any and all safety manuals created by this Defendant and other contractors that were applicable and relevant to the work performed by Plaintiff on the date of the occurrence;

k)     Carelessly and negligently failed to ensure that OSHA, and other relevant and applicable industry safety standards were properly enforced on the project.

41. That on January 14, 2020, the Plaintiff, GIL JASON BUTTELS, was transporting a metal frame kit in an aisle to its point of installation, when without warning, an employee and/or agent of DOLLAR TREE, INC., operating a forklift in an adjacent aisle, carelessly and negligently caused a pallet of cat food to fall from a height of 20 feet or more onto Plaintiff.

42. That as a direct and proximate result of the negligence of the Defendant, the Plaintiff, GIL JASON BUTTELS, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), loss of normal life (past, present and future), disability (past, present and future), and permanent scarring and disfigurement.

43. WHEREFORE, the Plaintiff, GIL BUTTELS, demands judgment against Defendant, STORAGE SOLUTIONS, INC., in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COMPENSATORY DAMAGES SUSTAINED BY GIL BUTTELS

44. The injuries and damages sustained by Gil Buttels as a result of Defendants' violations of one or more of the above safety rules, include, but are not limited to, the following:

    i.     Serious and permanent bodily injuries to Gil Buttels' body,

          including, but not limited to, C4-7 cervical stenosis with fracture and instability and ASIA C spinal cord injury, which is a life changing event causing Gil Buttels to lose the ability to enjoy a normal quality of life;

    ii.    Medical expenses incurred in the past and reasonably expected to be incurred in the future, and transportation expenses to obtain such medical treatment;

    iii.    Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;

    iv.    Loss of income in the past and reasonably expected to be experienced in the future;

    v.    Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;

    vi.    Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes, but is not limited to, Gil Buttels' loss of quality of life due to permanent injuries causing chronic pain that limits his activities; and

    vii.    The reasonable expense of any necessary help in Gil Buttels' home in the past, and reasonably certain to be required in the future, as a result of Gil Buttels' injuries.

## AMOUNT OF DAMAGES

45.    Gil Buttels' injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Gil Buttels should be awarded a judgment as against the Defendants in an amount to fully and fairly compensate him for each and every element of damages that has been suffered.

## DEMAND FOR JURY TRIAL

46.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff GIL BUTTELS demands trial by jury in this action of all issues so triable.

WHEREFORE, Gil Buttels prays that after a jury trial of this action that he be awarded the following:

A. A judgment against Defendants in such an amount that will fully and fairly compensate him for all of the above described damages and in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases;

B. All costs expended herein including attorneys' fees and any expert costs and fees as permitted by law;

C. A pre- and post-judgment interest award against Defendants to compensate for loss of money and to the extent of and for the reasons permitted by law; and

D. All other proper relief to which he may be entitled in the premises.

Respectfully submitted,

**PAUL BYRD LAW FIRM, PLLC**
415 N. McKinley St., Suite 210
Little Rock, AR 72205
T: (501) 420-3050
F: (501) 420-3128
paul@paulbyrdlawfirm.com
jordan@paulbyrdlawfirm.com
ATTORNEYS FOR PLAINTIFF

By: _____
Paul Byrd, ABN 85020
Ashley Jordan Davis, ABN 2017034